UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 6:11-CR-23-ART-1 |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION[1] |
| STEVEN J. LAY, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On August 10, 2011, the Court conducted a competency hearing in this matter, pursuant to 18 U.S.C. §§ 4241 and 4247(d). (*See* D.E. 31). For the reasons set forth herein, the Court **FINDS** that Defendant Steven J. Lay is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense, and is therefore competent as that term is defined in 18 U.S.C. § 4241(a). The Court therefore **RECOMMENDS** that the District Judge find Defendant competent to face further proceedings in this matter, including trial.

The Court previously ordered that Defendant undergo a psychiatric or psychological examination at the Federal Medical Center (FMC) in Lexington, Kentucky, to assist the Court in determining whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and

---

[1] The Court issues this order as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g., United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004) (discussing nature of competency determination as potentially dispositive).

consequences of the proceedings against him or to assist properly in his defense.[2] (*See* D.E. 13). Keri L. Nacker, a forensic psychology intern, and Dr. Judith Campbell, Ph.D. examined Defendant at FMC Lexington from April 19 through July 5, 2011. Ms. Nacker, under the supervision of Dr. Campbell, submitted a forensic report[3] ("Report") to the Court which sets forth their conclusion that Defendant is currently competent to stand trial. (Report at 9-11). The Court set a hearing upon receiving the Report, and directed the Clerk to file the Report in the record under seal and forward copies to counsel. (D.E. 29).

At the competency hearing on August 10, 2011, the parties stated they had had a sufficient opportunity to review the Report. The parties stipulated to the admissibility of the Report, to the Report's conclusions, and to Dr. Campbell's qualifications.[4] Both parties waived their rights to present other proof at the hearing outside the Report, as well as their rights to argue in opposition to the findings of the Report and to cross-examine the evaluators. Importantly, both parties agreed that the evaluators applied the correct legal standard in reaching their conclusion that Defendant is currently competent to stand trial.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 403; *see also* 18 U.S.C. §

---

[2] Upon a proper motion by the Government the Court also ordered an examination pursuant to 18 U.S.C. § 4242(a), seeking the examiner's opinion as to whether Defendant was insane at the time of the offense charged. (*See* D.E. 20, 21). The issue of Defendant's sanity is not before the undersigned at this time, and this Recommended Disposition therefore focuses exclusively on Defendant's current competency, as defined in 18 U.S.C. § 4241(a).

[3] The Report setting forth the evaluators' analysis of Defendant's competency to stand trial is located in the record, under seal, at pages 3-13 of Docket Entry 30.

[4] As Defendant was unaware of Ms. Nacker's qualifications, he did not stipulate that she was qualified to prepare the Report. He did, however, stipulate to the qualifications of Ms. Nacker's supervisor, Dr. Campbell.

4241(a) (phrasing test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."); *United States v. Nichols*, 56 F.3d 403, 410 (2d Cir. 1995) (applying the "two-prong" competency test from *Dusky*). Section 4247(d) governs the competency hearing, and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See id.*; *see also* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework **suggests** that the defense bears the burden, although the cases are in disagreement as to the burden allocation. *Compare United States v. Chapple*, 47 F.3d 1170 (table), 1995 WL 6147, at *2 (6th Cir. Jan. 6, 1995) (burden is on United States, though without statutory analysis) and *United States v. Sally*, 246 F. Supp. 2d 970, 976 (N.D. Ill. 2003) (burden is on the United States) *with United States v. Simmons*, 993 F. Supp. 168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See, e.g., Medina v. California*, 505 U.S. 437, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

With a stipulation as to both the admissibility and the substance of the Report, the only proof as to current competency is the expert analysis of the evaluators. The Report reflects personal observation and interaction, psychological testing, and a thorough assessment of Defendant's status in light of the applicable competency standards. The authors analyzed

3

Defendant's history, course of evaluation, and testing performance. The examiners directly observed Defendant via interviews, and subjected him to a battery of psychological tests. They also secured and reviewed relevant court records, and conducted telephone interviews with Defendant's appointed counsel and the attorney for the Government. The Report is therefore a thorough and comprehensive assessment of Defendant's mental and psychiatric condition.

Defendant was noted to be "relatively cooperative and pleasant throughout the evaluation process," though, at times, "he became agitated and argumentative." (Report at 6). Additionally, "[t]hroughout his interviews, [Defendant] was oriented to person, place, time, and situation." (*Id.*). Furthermore, Defendant "displayed no unusual mannerisms, disorganization, or confusion during the course of the evaluation. At no point during the evaluation did [Defendant] appear to be suffering from delusions, hallucinations, or any other psychotic symptoms. In contrast, he presented as lucid, goal-oriented and rational at all times." (*Id.* at 7).

Defendant was, however, diagnosed with "Depressive Disorder Not Otherwise Specified," "Bipolar Disorder Not Otherwise Specified, by history," "Amphetamine Dependence, In a Controlled Environment," and "Personality Disorder Not Otherwise Specified, with Borderline and Antisocial Traits." (*Id.* at 7-8). Additionally, the Report indicates that Defendant attempted suicide while being housed in the Special Housing Unit at FMC-Lexington and that Defendant "exhibited impulsivity and poor coping skills when he was distressed throughout his evaluation." (*Id.* at 7).

Nevertheless, Defendant "demonstrated a concrete and simplistic, albeit fairly comprehensive, understanding of basic legal concepts and the nature of legal proceedings." (*Id.* at 9). For example, Defendant "was able to identify his pending charges. He indicated he currently faces charges related to 'making dope and having false bombs.' He was able to

provide information about the events leading up to the arrest and provide supporting details." (*Id.* at 9). Furthermore, Defendant "was able to describe various plea options, including guilty and not guilty. He understood a guilty plea is an admission of the allegations, and a not guilty plea would result in the case returning to court for a trial. . . . The rights forfeited by a defendant when accepting a plea agreement were reviewed with Mr. Lay and he expressed understanding of this information." (*Id.* at 10). In the evaluators' opinion, Defendant "has the capacity to disclose relevant information to his attorney, consider various courses of action and make decisions following consultations with his attorney." (*Id.*).

Ultimately, the evaluators conclude that Defendant is not suffering from a mental condition which would prevent him from proceeding competently to trial:

> [I]t is our opinion that Mr. Lay is currently competent to proceed with his legal case. Although he is diagnosed with depressive disorder NOS, bipolar disorder NOS by history, and a personality disorder, he does not currently display symptoms of a major mental illness. Further, at this point he displays no symptoms which would preclude his ability to understand the nature and consequences of the proceedings against him or to properly assist in his defense.

(*Id.* at 11). It is clear that the evaluators accurately applied the *Dusky* standard as codified in section 4241(a) to determine that Defendant is competent. The Report supports a finding that both prongs of the *Dusky* competency test appear to be met in this case, and its conclusions are unrebutted.

The Court also sought the insight of counsel for the defendant, Mr. Willis Coffey, who had initially requested the competency evaluation. Although Mr. Coffey stated at the August 10, 2011 competency hearing that he subjectively believed that Defendant's mental condition is more severe than diagnosed by the evaluators, he agreed that the evaluators correctly applied the competency standard in reaching their conclusion and that his own interactions with Defendant

5

are consistent with the findings of the evaluators. Likewise, the Court's own observations of Defendant and his understanding of this matter during the August 10 hearing were consistent with the conclusions of the evaluators. In light of Mr. Coffey's reservations, however, Mr. Coffey indicated that he would promptly advise the Court of any changes to Defendant's behavior that would warrant further examination.

For the reasons set forth herein, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. The Court thus finds that, per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the Court **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be filed within fourteen (14) days of service of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 18th day of August, 2011.

Signed By:
Hanly A. Ingram
United States Magistrate Judge